```
               UNITED STATES DISTRICT COURT
                   DISTRICT OF NEVADA
                    LAS VEGAS DIVISION




UNITED STATES OF AMERICA,   ) CASE NO:  2:19-cr-00222-KJD-BNW
                            )
          Plaintiff,        )        CRIMINAL
                            )
     vs.                    )      Las Vegas, Nevada
                            )
LANCE K. BRADFORD,          )   Tuesday, September 3, 2019
                            )
          Defendant.        )    (2:59 p.m. to 3:14 p.m.)


          INITIAL APPEARANCE / ARRAIGNMENT AND PLEA

         BEFORE THE HONORABLE ELAYNA J. YOUCHAH,
              UNITED STATES MAGISTRATE JUDGE



Appearances:              See next page


Court Reporter:           Recorded; Digital

Courtroom Administrator:  E. Garcia

Transcribed by:           Exceptional Reporting Services, Inc.
                          P.O. Box 8365
                          Corpus Christi, TX 78468
                          361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

**APPEARANCES FOR:**

Plaintiff:                PATRICK BURNS, ESQ.
                          U.S. Attorney's Office
                          333 Las Vegas Blvd. So.
                          Suite 5000
                          Las Vegas, NV 89101

Defendant:                RICHARD A. WRIGHT, ESQ.
                          RUSSELL MARSH, ESQ.
                          Wright Marsh & Levy
                          300 S. Fourth Street
                          Suite 701
                          Las Vegas, NV 89101

U.S. Pretrial Services:   Samira Barlow

1        **Las Vegas, Nevada; Tuesday, September 3, 2019; 2:59 p.m.**

2                              **(Call to Order)**

3            **THE CLERK:** This is the time set in the case of 2:19-cr-222-KJD-BNW, *United States of America versus Lance K. Bradford*.

6            Counsel, please state your appearance for the record.

7            **MR. BURNS:** Good afternoon, your Honor. Patrick Burns for the United States.

9            **MR. WRIGHT:** Good afternoon, your Honor. Richard Wright and Russell Marsh with Mr. Lance Bradford.

11           **THE COURT:** Thank you.

12           **MR. WRIGHT:** Thank you, your Honor.

13           **THE COURT:** Mr. Bradford, would you state your full name for the record for me, please?

15           **THE DEFENDANT:** Yes, your Honor. Lance Kenneth Bradford.

17           **THE COURT:** Thank you. I'd just like to go over just a little bit of what today's hearing's about, although I'm sure your counsel has done some of this for you already.

20           You are present in federal court in the District of Nevada because there has been a federal indictment filed against you. Today's hearing is called an arraignment and plea, and the purpose of the hearing is to advise you of the charges that have been filed against you so that you can enter a plea at the end of the hearing. At the end of the hearing we

1  will be setting the date for your next court appearance and
2  your trial.  I will be asking you and your attorney a series of
3  questions.  If at any time you have any questions about what
4  I'm asking, please let me know, and I'll give you time to take
5  a short break and speak with your attorney.
6              Okay.  Have you -- has counsel received a copy of the
7  indictment?  Mr. Wright?
8              **MR. WRIGHT:**  Yes, your Honor.
9              **THE COURT:**  And has Mr. Bradford received a copy of
10 the indictment?
11             **MR. WRIGHT:**  Yes, and he has read it.
12             **THE COURT:**  Okay.  Thank you.
13             Mr. Bradford, I'm just going to go over some of your
14 rights.  Again, I'm sure that Mr. Wright has done this with
15 you, but I like to restate them while we're all in court.
16             You are not required to make any statement about the
17 charges against you either here or to any law enforcement
18 officer or anyone else.  You have the right to a jury trial.
19 You may testify on your own behalf, but you cannot be compelled
20 to do so.  Anything you say can and will be used against you,
21 most likely.  If you testify you will be subject to cross
22 examination.  You have the right to subpoena witnesses to
23 appear at trial, and you have the right to cross examine
24 witnesses who are called by the Government.  You have the right
25 to assistance of counsel, which you have with you today, and

1  you have the right to assistance of counsel throughout all
2  proceedings.
3              With that, does -- we're ready to proceed with the
4  arraignment and plea.  Have you had a chance to speak with your
5  counsel today, Mr. Bradford, regarding what you've been charged
6  with in the indictment?
7              **THE DEFENDANT:**  Yes, your Honor.
8              **THE COURT:**  Okay.  And do you understand the purpose
9  of this hearing?
10             **THE DEFENDANT:**  Yes.
11             **THE COURT:**  And do you understand the nature of the
12 charges against you?
13             **THE DEFENDANT:**  Yes.  I do.
14             **THE COURT:**  Counsel, do you waive a reading of the
15 indictment?
16             **MR. WRIGHT:**  Yes, your Honor.
17             **THE COURT:**  Okay.
18             Mr. Bradford, how do you plead to Count One of the
19 indictment, which is for -- excuse me -- aiding and --
20 assisting in the preparation and presentation of false and
21 fraudulent income tax returns, Title 26, U.S. Code, Section
22 7206(2)?
23             **THE DEFENDANT:**  Not guilty, your Honor.
24             **THE COURT:**  Okay.  Thank you.
25             A trial date has been set in this case, Ms. Garcia?

1    **THE CLERK:** Yes, your Honor. Trial date is set for
2 Monday, November 4th, 2019, at 9:00 a.m. in Courtroom 4A, and
3 calendar call is set for Tuesday, October 29th, 2019, at
4 9:00 a.m. in Courtroom 4A.
5    **THE COURT:** Okay. At this time we will proceed with
6 discussion of pretrial release. Is the Government ready to
7 proceed?
8    **MR. BURNS:** Yes, your Honor. Just a quick question.
9    **THE COURT:** Yes.
10   **MR. BURNS:** Your Honor arraigned him as to Counts One
11 through Twenty-eight?
12   **THE COURT:** I'm sorry; I said with one count, and
13 you're right. I apologize. I just --
14   **MR. BURNS:** Okay. No problem.
15   **THE COURT:** I just misread that or actually just
16 didn't think ahead of time. So, it is Counts One through
17 Twenty-eight, and they are all the same counts, and I apologize
18 for misstating that earlier on the record. Thank you.
19   **MR. BURNS:** All right. And the defendant enters the
20 same plea as to all counts --
21   **THE COURT:** To all those --
22   **MR. BURNS:** -- One through Twenty-eight?
23   **MR. WRIGHT:** Correct.
24   **THE COURT:** Thank you.
25   **MR. BURNS:** Okay. Thank you, your Honor.

7

1  **THE COURT:** No, I apologize. No problem.

2  **MR. BURNS:** Your Honor, as to discovery in this
3  matter, the parties are going to be requesting that the Court
4  deem the case complex for purposes of a trial setting and
5  discovery. I'm going to -- the Government's going to prepare a
6  proposed complex case schedule, and I think we're required to
7  submit that to the assigned magistrate judge, Judge Weksler.
8  So, we'll submit that to her. Otherwise, the Government -- the
9  defense has requested discovery, and the Government will
10 produce discovery pursuant to that complex case schedule. The
11 recording's in English language, and I just ask that the Court
12 put its standard pretrial order in place at this point.

13 **THE COURT:** The standard pretrial order for a complex
14 case?

15 **MR. BURNS:** Just the Court's standard pretrial order,
16 and it should be superseded by the later --

17 **THE COURT:** The complex --

18 **MR. BURNS:** -- if it's acceptable to Judge Weksler.

19 **THE COURT:** Perfect. So, the standard order pursuant
20 to Local Rule 16.1(b) will be put in order -- will be put in
21 place for now.

22 **MR. BURNS:** Thank you, your Honor.

23 As to -- and you wanted me to address the Pretrial
24 Services?

25 **THE COURT:** I did. Thank you.

1          **MR. BURNS:**  Okay.  Thank you.

2               Your Honor, the Government is requesting that the
3    defendant be placed on Pretrial Services.  We do think he's a
4    good candidate for release.  He has significant assets in the
5    district.  He has family here and a profession.  But because of
6    the nature of the case the Government's asking for several
7    conditions to which he would be supervised.

8               The first -- and I don't believe this is going to be
9    an issue.  I don't believe the defendant is currently involved
10   in operating a tax preparation firm or an accounting firm, but
11   I would just ask that a condition be imposed after he's placed
12   on pretrial supervised release -- pretrial supervision -- that
13   he not be permitted -- he be ordered not to submit, file tax
14   returns on behalf of anyone, or to provide auditing or
15   bookkeeping services.  Like I said, I don't understand the
16   defendant to presently -- and that would, obviously, extend to
17   other people; not necessarily to him and his wife, if they do
18   their own taxes and things such as that.

19              Second, your Honor, the Government is -- which is --
20   it's quite standard in these types of cases.  The Government
21   would request that the defendant be prohibited from traveling
22   internationally but for getting approval from Pretrial Services
23   and, in connection with that, that he submit his passport to
24   Pretrial Services.  That's not to say that the Government is
25   not going to be agreeable if he needs to go to Canada to meet

1  with his lender or things like that, which I think Mr. Wright
2  and I have a kind of a similar case, and we routinely agree to
3  things such as that, or we have in the past.  So, I'd ask that
4  that condition, which is fairly standard, be imposed.
5          And, then, your Honor, the third condition that I
6  would request is that the defendant be ordered not to have any
7  contact with the individuals that are named in the indictment
8  and any witnesses in the case.  I can provide a list of
9  individuals who I think are potential witnesses in the case to
10 Pretrial and the defense, and if they have an issue with a
11 particular person -- I know some of the -- some of the people
12 who are witnesses in this case a no-contact order is going to
13 be kind of an issue, so I can discuss that with the defense,
14 but -- and if they have any objections we can bring it back
15 before your Honor.
16         And those are the conditions that I would request in
17 this case.
18         **THE COURT:**  Thank you.
19         Mr. Wright?
20         **MR. WRIGHT:**  Well, I would argue for the
21 recommendation by Pretrial Services, that they have enough
22 supervisees that they already supervise, and Mr. Bradford, who
23 has been in this community for, like, 29 years, has no record
24 whatsoever, is not in need of additional supervision by
25 Pretrial Services.  He does have his passport; we could

1  surrender that to the Clerk of the Court rather than Pretrial,
2  and if he needed it for travel we would petition the Court, the
3  magistrate assigned, for the return for travel internationally.
4            Regarding the no contact with the individuals in the
5  return -- in the indictment, that's problematic, because he has
6  business relationships with some of them.  We would be fine to
7  abide by an order that he not discuss the case or the tax
8  returns whatsoever with them, but he does have ongoing business
9  relationships with some of the individuals and has remained in
10 communication with them.  So, I would, rather than argue for
11 conditions of supervision, I would request that he be placed on
12 OR without supervision by Pretrial Services and that we could
13 establish those conditions right now.
14           **THE COURT:**  Does the Government have anything
15 further?
16           **MR. BURNS:**  Briefly, your Honor.
17           **THE COURT:**  Yes.
18           **MR. BURNS:**  The Government's concerns as to witness
19 contact arise based on the defendant's actions after he became
20 aware that IRS was investigating, or potentially investigating,
21 what's been charged in the indictment.  So, based on that --
22 and the individuals named in this, I'm not sure which
23 individuals, possibly the individual in Count Four, that
24 Mr. Bradford purports to have continuing business relationships
25 with.  The rest of the individuals, my understanding, don't

1  have any relationship to him, and part of the reason for that
2  would be that these false returns were filed without the
3  knowledge of these clients.  These clients were, in a sense,
4  victims.  And when you have a fraud case that has people who
5  were victimized by the fraudulent activity of the defendant,
6  it's the Government's position that it should be standard that
7  the defendant have no contact with the victims.
8          As far as the one individual that potentially there's
9  a business entanglement, an ongoing entanglement, the
10 Government would suggest that, to the extent communication
11 needs to be done, it could be done through Mr. Bradford's
12 counsel, which would ensure, since they're officers of the
13 Court, that there would be no dissuasion or discussion of the
14 case, things like that, and it would help keep -- avoid any
15 problems.
16         And, additionally, there are numerous witnesses in
17 this case, your Honor, that have a critical knowledge,
18 percipient knowledge, about what the defendant did in
19 connection with these 28 false returns that were filed.  So,
20 I'd request that that -- that he be placed on supervision and
21 that those conditions be imposed.
22         **THE COURT:**  Thank you.
23         Mr. Wright, do you want to have one more say, or are
24 you --
25         **MR. WRIGHT:**  No.

1          **THE COURT:**  Okay.  You're good.  Okay.  Very good.
2   Thank you.
3          The Court will order Mr. Bradford to be placed on
4   Pretrial Services supervised release.  He will be ordered not
5   to prepare or submit any tax forms or filings to the federal or
6   any state government and to refrain from auditing and
7   bookkeeping services for third parties.
8          He will surrender his passport to Pretrial Services.
9   That will be far more efficient than before the Court.  And if
10  he wishes to travel outside of the United States, he can speak
11  with Pretrial Services.  If there is a disagreement, then you
12  can come before the Court to resolve that disagreement, but it
13  doesn't sound like -- hopefully, that will not be a problem.
14         With respect to contacting individuals, the Court
15  will order that Mr. Bradford not have any contact with any
16  witnesses named in this case.  As far as any of the alleged
17  victims, I would ask the parties to speak specifically about
18  the individual named in Count Number Four and see if they are
19  able to come to some agreement.  I'm not sure that it's
20  realistic for defendant's counsel to be the conduit of
21  information for business purposes.  So, if the parties cannot
22  come to some agreement about the extent of contact that
23  Mr. Bradford may have with the individual who's identified in
24  number four and a number of the other counts, then I would ask
25  you to come back before the Court.  Otherwise, I would -- the

1  order of the Court is that he's not to have any contact with
2  any of the victims as identified in the indictment.
3          **MR. WRIGHT:** Regarding --
4          **THE COURT:** Go ahead.
5          **MR. WRIGHT:** Yes.  Regarding the witnesses, we will
6  be provided a list of who we're talking about on --
7          **THE COURT:** Yes.  I will --
8          **MR. WRIGHT:** -- no contact?
9          **THE COURT:** I will order the Government to provide a
10 list of the witnesses to defense counsel, and if there is
11 any -- if there is any question about the identity of a witness
12 or the identity of a victim, that defense counsel will work
13 with -- or, rather, the AUSA will work with defense counsel to
14 ensure there is appropriate level of disclosure so that
15 Mr. Bradford understands with whom he can and cannot have
16 contact.  This isn't a game of gotcha.
17         **MR. BURNS:** Thank you, your Honor.
18         **THE COURT:** Thank you.
19         **MR. WRIGHT:** And on the international travel, the
20 Pretrial Services would have the authority to authorize it if
21 they see fit?
22         **THE COURT:** That's correct.
23         **MR. WRIGHT:** And it would not come back through the
24 Court.
25         **THE COURT:** That's correct.  But if you disagree with

1  what they say, obviously, you can petition the Court.
2       **MR. WRIGHT:**  Right.  Thank you, your Honor.
3       **PRETRIAL SERVICES OFFICER:**  Excuse me, your Honor?
4  Pretrial Services.
5       **THE COURT:**  Yes.
6       **PRETRIAL SERVICES OFFICER:**  We'd just like to add one
7  additional condition, that the defendant shall not obtain a
8  passport or passport card.
9       **THE COURT:**  In addition to the passport that he is
10 surrendering, yes.  Thank you.  That will be an additional
11 condition.  Sure.
12    **(Pause; voices and whispers off the record)**
13      **MR. BURNS:**  Thank you, your Honor.
14      **THE COURT:**  Thank you.
15      **MR. WRIGHT:**  Thank you, your Honor.
16    **(Proceeding was adjourned at 3:14 p.m.)**

**CERTIFICATION**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                          September 19, 2019
         Signed                                              Dated

*TONI HUDSON, TRANSCRIBER*