1  CHRISTOPHER CHIOU
   Acting United States Attorney
2  Nevada Bar No. 14853
   STEVEN W. MYHRE
3  Nevada Bar No. 9635
   Assistant United States Attorney
4  United States Attorney's Office, District of Nevada
   501 Las Vegas Boulevard South, Suite 1100
5  Las Vegas, Nevada 89101
   (702) 388-6336/Fax: (702) 388- 6418
6  Steven.Myhre@usdoj.gov

7  PATRICK BURNS
   Nevada Bar No. 11779
8  Trial Attorney
   Department of Justice, Tax Division
9  150 M. Street, N.E.
   Washington, D.C. 20002
10 Tel.: (202) 514-5762
   Fax: (202) 514-9623
11 J.Patrick.Burns@usdoj.gov

12 *Representing the United States of America*

13            **UNITED STATES DISTRICT COURT**
14              **DISTRICT OF NEVADA**

15 **UNITED STATES OF AMERICA,**

16                     **Plaintiff,**          **CASE NO: 2:19-CR-00222-GMN-BNW**

17       **vs.**                               **STIPULATION TO CONTINUE TRIAL**
                                               **(FOURTH REQUEST)**
18 **LANCE K. BRADFORD,**

                       **Defendant.**
19

20        It is hereby stipulated and agreed, by and between CHRISTOPHER CHIOU, Acting

21 United States Attorney, through STEVEN W. MYHRE, Assistant United States Attorney

22 and PATRICK BURNS, Trial Attorney – Department of Justice, and RUSSELL MARSH,

23 ESQ., RICHARD A. WRIGHT, ESQ., and GEORGE P. KELESIS, ESQ., counsel for

24 defendant LANCE K. BRADFORD, that the trial date in the above-captioned matter,

previously scheduled for November 15, 2021, at 9:00 a.m., be vacated and continued until March 14, 2022, March 28, 2022, or to a time convenient to the Court but no sooner than March 2022.

This Stipulation is entered into for the following reasons:

1. Calendar call and trial are currently set for November 9 and 15, 2021, respectively.

2. On August 27, 2019, the grand jury in the District of Nevada returned an indictment charging the defendant with twenty-eight counts of Aiding or Assisting in the Preparation of a False Tax Return (26 U.S.C. § 7206(2)).

3. The defendant's trial was originally scheduled for November 4, 2019.

4. On September 20, 2019, pursuant to a complex case scheduling order proposed by the parties, the Court reset defendant's trial for November 16, 2020.

5. On September 1, 2020, the grand jury returned a superseding indictment charging defendant with one additional count of Aiding or Assisting in the Preparation of a False Tax Return (26 U.S.C. § 7206(2)) and one count of Conspiracy to Defraud the United States (18 U.S.C. § 371).

6. On October 20, 2020, pursuant to the parties' stipulation requesting a trial continuance, the Court ordered defendant's trial continued to June 15, 2021.

7. On March 3, 2021, pursuant to the parties' stipulation requesting a trial continuance, the Court again vacated the trial and continued it to the present setting of November 15, 2021 at 9:00 a.m.

8. On August 30, 2021, the defendant filed a motion to continue the November 15, 2021 trial date. ECF 56. The defendant contends he requires another continuance due to trial scheduling conflicts affecting his attorneys' availability for the current trial setting. He further asserts that litigation related to his document subpoena of a witness and his review of

2

additional discovery materials from the government require additional time to prepare for trial.

9.      On September 13, 2021, the government filed its response in opposition to the motion to continue. ECF 60. The government's response questions the necessity for a continuance in light of the asserted scheduling conflicts. It further contends that it will be prejudiced by a trial continuance in light of the substantial resources already expended to serve trial subpoenas for numerous lay witnesses in various states and the further aging of the evidence.

10.      Because the government and the defendant wish to avoid further litigation and to come to an agreement on a very firm trial setting for defendant's trial, they are submitting this stipulation to continue the trial after contacting Court staff regarding potential trial settings in early 2022. The parties have been advised that the Court has March 14 , 2022 and March 28, 2022 trial settings currently available.

11.      The parties request that the Court vacate the November 15, 2021 trial date and reset defendant's trial to March 14, 2022 or March 28, 2022, or to a time convenient to the Court but no sooner than March 2022.

12.      Counsel for defendant require a continuance to adequately prepare for trial, including the investigation and review of discovery materials and materials subpoenaed from third parties. Each of defendants' counsel certifies that they have no trial or other conflicts that will prevent them from being fully available to conduct the trial if reset to March 2022. The parties do not anticipate seeking further continuances and will undertake their best efforts to avoid scheduling matters that conflict with the trial setting resulting from this Stipulation. In the absence of an agreement, neither party will move for a further continuance except for good cause shown.

13.      The parties have been unable to agree whether the deadline for filing any Rule

3

12(b)(3) pretrial motions should be reset. The defendant will either file a separate motion seeking leave to extend and reset the motions deadlines or will seek leave to file any Rule 12(b)(3) motion through a showing of good cause.

14.     The parties stipulate that defendant shall be required to make all Rule 16 disclosures, including expert witness disclosures, no later than sixty days prior to trial. The government shall continue to make its Rule 16 disclosures within a reasonable time of such material becoming available, and it agrees to produce statements qualifying as Jencks material twenty-one days prior to trial as previously agreed in the complex case scheduling order.

15.     In consideration of the foregoing, the government does not oppose vacating the November 15, 2021 trial date and resetting the trial to March 2022. The government requests that the Court enter an order continuing the subpoenas issued for the November 15, 2021 date to the continued trial date determined by the Court.

16.     The defendant is out of custody and does not oppose this request to continue the trial.

17.     Denial of this request could result in a miscarriage of justice, taking into account the exercise of due diligence.

18.     The additional time requested by this Stipulation is excludable in computing the time within which the trial must start under the Speedy Trial Act, Title 18, United States Code, Section 3161 et. seq., considering the factors under Title 18, United States Code, Sections 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv).

/ / /

/ / /

/ / /

/ / /

4

1         19.      This is the fourth request for a continuance filed in this matter.

2

3   Dated: October 19, 2021

4                                        CHRISTOPHER CHIOU
                                       Acting United States Attorney

5

6       /s/Russell Marsh, Esq.                 /s/Patrick Burns
  By: _____        By:_____

7      RUSSELL MARSH, ESQ.        STEVEN W. MYHRE
     Counsel for Defendant BRADFORD     Assistant United States Attorney

8                                       PATRICK BURNS
                                      Trial Attorney – Tax Division

9                                         United States Department of Justice

10       /s/Richard A. Wright, Esq.
  By: _____

11      RICHARD A. WRIGHT, ESQ.
     Counsel for Defendant BRADFORD

12

13       /s/George P. Kelesis, Esq.
  By: _____

14      GEORGE P. KELESIS, ESQ.
     Counsel for Defendant BRADFORD

15

16

17

18

19

20

21

22

23                      5

24

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LANCE K. BRADFORD,

Defendant.

CASE NO: 2:19-CR-00222-GMN-BNW

FINDINGS OF FACT AND ORDER

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1.      Calendar call and trial are currently set for November 9 and 15, 2021, respectively.

2.      On August 27, 2019, the grand jury in the District of Nevada returned an indictment charging the defendant with twenty-eight counts of Aiding or Assisting in the Preparation of a False Tax Return (26 U.S.C. § 7206(2)).

3.      The defendant's trial was originally scheduled for November 4, 2019.

4.      On September 20, 2019, pursuant to a complex case scheduling order proposed by the parties, the Court reset defendant's trial for November 16, 2020.

5.      On September 1, 2020, the grand jury returned a superseding indictment charging defendant with one additional count of Aiding or Assisting in the Preparation of a False Tax Return (26 U.S.C. § 7206(2)) and one count of Conspiracy to Defraud the United States (18 U.S.C. § 371).

6.      On October 20, 2020, pursuant to the parties' stipulation requesting a trial continuance, the Court ordered defendant's trial continued to June 15, 2021.

7.      On March 3, 2021, pursuant to the parties' stipulation requesting a trial

continuance, the Court again vacated the trial and continued it to the present setting of November 15, 2021 at 9:00 a.m.

8.      On August 30, 2021, the defendant filed a motion to continue the November 15, 2021 trial date. ECF 56. The defendant contends he requires another continuance due to trial scheduling conflicts affecting his attorneys' availability for the current trial setting. He further asserts that litigation related to his document subpoena of a witness and his review of additional discovery materials from the government require additional time to prepare for trial.

9.      On September 13, 2021, the government filed its response in opposition to the motion to continue. ECF 60. The government's response questions the necessity for a continuance in light of the asserted scheduling conflicts. It further contends that it will be prejudiced by a trial continuance in light of the substantial resources already expended to serve trial subpoenas for numerous lay witnesses in various states and the further aging of the evidence.

10.     Because the government and the defendant wish to avoid further litigation and to come to an agreement on a very firm trial setting for defendant's trial, they are submitting this stipulation to continue the trial after contacting Court staff regarding potential trial settings in early 2022. The parties have been advised that the Court has March 14, 2022 and March 28, 2022 trial settings currently available.

11.     The parties request that the Court vacate the November 15, 2021 trial date and reset defendant's trial to March 14, 2022 or March 28, 2022, or to a time convenient to the Court but no sooner than March 2022.

12.     Counsel for defendant require a continuance to adequately prepare for trial, including the investigation and review of discovery materials and materials subpoenaed from third parties. Each of defendants' counsel certifies that they have no trial or other

7

conflicts that will prevent them from being fully available to conduct the trial if reset to March 2022. The parties do not anticipate seeking further continuances and will undertake their best efforts to avoid scheduling matters that conflict with the trial setting resulting from this Stipulation. In the absence of an agreement, neither party will move for a further continuance except for good cause shown.

13.     The parties have been unable to agree whether the deadline for filing any Rule 12(b)(3) pretrial motions should be reset. The defendant will either file a separate motion seeking leave to extend and reset the motions deadlines or will seek leave to file any Rule 12(b)(3) motion through a showing of good cause.

14.     The parties stipulate that defendant shall be required to make all Rule 16 disclosures, including expert witness disclosures, no later than sixty days prior to trial. The government shall continue to make its Rule 16 disclosures within a reasonable time of such material becoming available, and it agrees to produce statements qualifying as Jencks material twenty-one days prior to trial as previously agreed in the complex case scheduling order.

15.     In consideration of the foregoing, the government does not oppose vacating the November 15, 2021 trial date and resetting the trial to March 2022. The government requests that the Court enter an order continuing the subpoenas issued for the November 15, 2021 date to the continued trial date determined by the Court.

16.     The defendant is out of custody and does not oppose this request to continue the trial.

17.     Denial of this request could result in a miscarriage of justice, taking into account the exercise of due diligence.

18.     The additional time requested by this Stipulation is excludable in computing the time within which the trial must start under the Speedy Trial Act, Title 18, United States

Code, Section 3161 et. seq., considering the factors under Title 18, United States Code, Sections 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv).

For all of the above-stated reasons, the ends of justice would be served best by a continuance of the trial date.

**ORDER**

IT IS ORDERED that the trial in *United States v. Lance K. Bradford*, Case No. 2:19-CR-00222-GMN-BNW, previously scheduled for November 15, 2021 at 9:00 a.m. is **Vacated** and **Continued**. Trial of this matter will commence on March 14, 2022 at 8:30 AM, at the Lloyd D. George Courthouse, Las Vegas, Nevada, in a Courtroom to be determined. The calendar call is also continued until March 8, 2022 at 9:00 AM.

IT IS FURTHER ORDERED that the defendant shall make his Rule 16 disclosures no later than sixty days prior to trial and the government shall continue to produce Rule 16 material within a reasonable time of it becoming available. The government shall produce any statements qualifying as Jencks material under 18 U.S.C. § 3500 no later than twenty-one days prior to trial.

IT IS FURTHER ORDERED that any subpoenas previously served on witnesses for the November 15, 2021 trial date are hereby **continued** and those witnesses remain under subpoena for personal appearance on the first day of trial set to commence on the date and in the place indicated above.

Dated this 20 day of _____October_____, 2021

By: _____
HON. GLORIA M. NAVARRO
U.S. DISTRICT COURT JUDGE

9