**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| United States of America, | Case No. 2:19-cr-00222-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Lance K. Bradford, | |
| Defendant. | |

At ECF No. 92, the government seeks an expedited decision regarding whether Defendant is entitled to a *Franks* hearing, as requested at ECF No. 87. The parties briefed this issue in Defendant's Motion to Suppress and for a Franks Hearing. *See* ECF Nos. 87, 88, 89.

"To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that: (1) the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant, and (2) the false or misleading statement or omission was material, *i.e.*, necessary to finding probable cause. Once the defendant makes that showing, to prevail at the subsequent hearing, he must establish both prongs by a preponderance of the evidence." *United States v. Norris*, 942 F.3d 902, 909–10 (9th Cir. 2019) (cleaned up).

For purposes of determining whether Defendant is entitled to a *Franks* hearing, the government only argued that the alleged omission from the affidavit was not material. However, the Court finds that Defendant made a substantial preliminary showing that the affiant officer intentionally or recklessly made a false or misleading statement or omission in support of the warrant and that the false or misleading statement or omission was material. Specifically, based on Defendant's preliminary showing, it appears information was omitted from the affidavit that goes to the credibility of at least one key source (Mr. Walker and/or Mr. Ip). Had this information been included in the affidavit, it may have changed the Magistrate Judge's probable cause determination. The affidavit relied heavily on the statements of Mr. Walker and a statement from Mr. Ip suggesting he possessed authentic documents from LL Bradford & Company on a thumb

drive (ECF No. 87 at 52, ¶ 33). If Mr. Ip lied about how he obtained these documents and/or engaged in illegal activity to obtain these documents, it calls into question his credibility and the authenticity of the documents. If Mr. Walker was involved in illegally obtaining these documents, his credibility is also called into question. Accordingly, the Court will hold a *Franks* hearing. Whether the alleged omission was actually material to the probable cause determination will be determined based on that hearing.

Due to the Court's calendar, it is unfortunately unable to advance the hearing in time. Therefore,

IT IS ORDERED that ECF No. 92 is GRANTED in part and DENIED in part. It is granted to the extent the Court expedited its review of whether a *Franks* hearing is appropriate. It is denied in all other regards.

IT IS FURTHER ORDERED that the parties are to submit a stipulation by May 31, 2022, no more three pages long, regarding the expected length of the hearing, so the Court can plan accordingly.

IT IS FURTHER ORDERED that if the government wishes to brief the first element (the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant), it must do so by 5/20/2022 and address why this argument should not be deemed waived. Any response will be due by 6/3/2022 and any reply by 6/10/2022. The Court acknowledges that Defendant argued in its reply brief that any such arguments by the government have been waived. The Court expresses no opinion on this argument by allowing further briefing from the government. Rather, the Court seeks to understand what the government's position is if the Court does not find that the government waived this argument.

DATED: May 5, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE