JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
STEVEN W. MYHRE
Nevada Bar No. 9635
Assistant United States Attorney
501 Las Vegas Blvd. South, Ste. 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6298 / Fax: (702) 388-5087

PATRICK BURNS
Nevada Bar No. 11779
Trial Attorney
U.S. Department of Justice, Tax Division
Western Criminal Enforcement Section
4 Constitution Square
150 M Street, N.E.
Washington, D.C. 20002
Steven.Myhre@usdoj.gov
J.Patrick.Burns@usdoj.gov

*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:19-CR-00222-GMN-BNW |
| Plaintiff, | **GOVERNMENT'S BRIEF IN RESPONSE TO THE COURT'S ORDER ENTERED AS ECF NO. 94** |
| v. | |
| LANCE K. BRADFORD, | |
| Defendant. | |

**Certification**: This Brief Is Timely Filed.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

I.     **Relevant Procedural Background.**

On March 30, 2022, Bradford untimely filed a "Motion to Suppress And For A *Franks* Hearing."[1] The following day, on March 31, 2022, the Court set an in-person hearing on the Motion for June 14, 2022.[2] On April 13, 2022, the government filed its timely Response.[3]

In its Response, the government showed that no hearing was necessary because Bradford's alleged omission – that the material on the Ip drive derived from a computer hack – was not material and, thus, there was no *Franks* violation. The Response made clear that if the Court ordered the Motion to hearing, the government would contest all of the factual allegations in the Motion, specifically identifying his allegations of "whether the Ip Drive contained hack-derived information, whether Ip or Dean Walker hacked the Bradford computer, or *whether Special Agent Elliott knew about any of* this, [as] among the many factual assertions that would be contested."[4]  It also expressly stated that, if the Motion went to hearing, the government would reserve its right to litigate whether Bradford even had standing to seek suppression.[5]

Bradford filed a Reply.[6] Among other things, he claimed that the government "effectively waived [its] right to contest" any of his *Franks* claims, except for materiality,

---

[1] ECF No. 83 ("Motion").

[2] ECF No. 84.

[3] ECF No. 88.

[4] ECF No. 88 at 7:5-7 (emphasis added).

[5] *Id.* at 17.

[6] ECF No. 89.

2

because, according to his characterization of the government's Response, the government did "not attempt to deny, let alone disprove" them.[7]

On May 5, 2022, the Court found that Bradford "made a substantial preliminary showing" to warrant a *Franks* hearing and affirmed its earlier Order sending the Motion to hearing. The Court asked for a stipulation and provided the government the opportunity to submit further briefing on the *Franks* element of intentionality but sought the government's position on why it had not already "waived" its right to contest that issue, presumably for "not attempting to deny, let alone disprove" that issue in its Response, as Bradford had claimed.[8]

This Brief follows. The government has waived nothing. It intends to contest all of the *Franks* elements at the June 14 hearing, as is its right under *Franks* and its progeny. Waiver requires an "intentional abandonment of a right."[9] The *Franks* decision did not layer a requirement that the government "deny" or "disprove" facts alleged in a *Franks* motion -- Bradford has the *burden of proof* as to his factual allegations and the government does not abandon its right to contest those issues by not specifically denying or disproving them.

II. **The Government Expressly Stated Its Intent To Contest All Factual Predicates of a *Franks* Violation at Hearing – No Waiver Occurred And the Government Will Either Brief or Argue Its Position At The Close of Evidence at Hearing.**

Bradford must *prove up* the elements of a *Franks* violation, including intentionality or recklessness, at an *evidentiary hearing* – not on papers that he filed with the Court.[10] While the

---

[7] *Id.* at 2-3.

[8] ECF No. 94.

[9] *United States v. Alano*, 507 U.S. 725, 733 (1978) (citations omitted) (emphasis added).

[10] At a *Franks* hearing, a search warrant will be voided, and evidence suppressed, only if "the allegation of [material] perjury or reckless disregard is [then] established by the defendant by a preponderance of the evidence." *Franks*, 438 U.S. at 156, 98 S.Ct. 2674; *see also United States v. Martinez-Garcia*, 397 F.3d 1205, 1214–15 (9th Cir. 2005);[10] *United States v. Carter*, 549 F. Supp. 2d 1257, 1265 (D. Nev. 2008) (observing that "if the remaining content [of the search warrant after excising the misleading information] is insufficient to support probable cause, then the

3

Court has found that Bradford's papers made a "substantial showing," that showing gets him nothing more than an evidentiary hearing – not a factual finding. Neither does his showing shift the burden to the government to prove the factual negative, as Bradford imagines, or narrow the issues solely to materiality as suggested in the Court's Order.[11] As the *Franks* decision expressly stated, once the Court determines that a substantial showing has been made, the defendant must then *prove up* his allegations at an evidentiary hearing – a hearing where the government has the opportunity to test the supposed proof through cross-examination of witnesses, argument, and/or presentation of other evidence. [12]

Here, before the government filed its Response to Bradford's Motion, the Court summarily ordered a hearing to take place.[13] The government timely filed its Response and urged that a hearing was not necessary because the supposed omissions regarding the Ip drive are not material to a probable cause determination as a matter of law. At the same time, it

---

defendant is entitled to an evidentiary hearing. []At such hearing, the defendant has the burden of proof by a preponderance of the evidence to establish that the false statements were deliberately made or were made with a reckless disregard for the truth." (citation to *Franks* omitted)); *United States v. Clark*, 935 F.3d 558, 563 (7th Cir. 2019) ("… a defendant at a so-called *Franks* hearing must prove by a preponderance of the evidence either falsity or recklessness, as well as materiality.").

[11] ECF No. 94 (Court states "[w]hether the alleged omission was actually material to the probable cause determination will be determined based on that hearing" without mention of the other *Franks* elements).

[12] *United States v. Dove*, No. 8:19-CR-33-T-36CPT, 2020 WL 9172971, at *11 (M.D. Fla. 2020) ("*Franks* makes clear that it is the defendant's obligation to make a substantial preliminary showing of falsity in order to satisfy *Franks*' first prong, not the government's burden of making a substantial preliminary showing of truthfulness to defeat that prong."), *report and recommendation adopted*, No. 8:19-CR-33-CEH-CPT, 2021 WL 838737 (M.D. Fla. Mar. 5, 2021); *United States v. Schimley*, No. 1:08-CR-510, 2009 WL 5171826, at *6 (N.D. Ohio 2009) ("Contrary to the defendant's assertions, there was, and is, no burden on the government to disprove that Agent Russ acted intentionally or with reckless disregard for the truth by including false statements in the affidavit." (citing *Franks*, 438 U.S. at 155-56), *aff'd*, 467 F. App'x 482 (6th Cir. 2012); *United States v. McMurtrey*, 704 F.3d 502, 509 (7th Cir. 2013) (recognizing appropriateness of government, having opportunity at the actual *Franks* hearing "to present new evidence to explain the discrepancies identified by the defense" as to the first element).

[13] The Court's order failed to specify whether a so-called "pre-*Franks*" or an actual *Franks* evidentiary hearing was being summarily ordered. *See McMurtrey*, 704 F.3d at 509 (recognizing that "…in some cases district courts have held 'pre-*Franks*' hearings to give defendants opportunities to supplement or elaborate on their original submissions.").

*expressly* stated its intent to "contest" all factual allegations in the Motion if the Court ordered it to hearing.[14]

Waiver is "an *intentional* relinquishment or abandonment of a known right."[15] No reasonable reading of the word "contest" in the context of the government's Response would derive an *intent* on the part of the government to relinquish its right to require that the defendant *prove* the factual predicates of a *Franks* violation at a hearing.

The law requires an evidentiary hearing on these issues. The government is unaware of any case deciding a *Franks* issue where the government waives the hearing unless it "denied or attempted to disprove" the allegations before the hearing. And Bradford cites to none.

The notion of when the government waives suppression issues was addressed by the Ninth Circuit in *United States v. Scott.* [16] There, the defendant filed a motion to suppress evidence seized during a warrantless automobile search. Unlike here, where the government filed a timely 17-page Response and unambiguously stated its intent to contest all fact issues at hearing, the government in *Scott* late-filed a one-paragraph response to the suppression motion stating that the fact issues surrounding the motion needed to be resolved and requesting permission to brief the issues after hearing.[17]

The presiding magistrate judge denied the government's briefing request. At hearing, the government argued that the automobile exception to the warrant requirement applied and filed

---

[14] ECF No. 88 at 7 ("The [Franks] Motion makes a number of factual assertions that the government would *contest* were this to go to hearing.") (emphasis added).

[15] *Olano*, 507 U.S. at 733.

[16] *United States v. Scott*, 705 F.3d 410 (9th Cir. 2012).

[17] *Id.* at 414.

5

a motion for leave to file its response to the suppression motion.[18] In the Report and Recommendation that followed, the presiding magistrate judge recommended that the district court suppress all the evidence and strike the government's response as late-filed, leaving unaddressed the application of the automobile exception.

The district court summarily affirmed and the government appealed. On appeal the government argued that the automobile exception applied. In response, the defendant urged that the government had waived that argument because it was not briefed by the filing deadline before the magistrate judge.

The Ninth Circuit reversed, found the automobile exception applied, and reinstated the evidence. In addressing waiver, the *Scott* Court reaffirmed the Supreme Court's clear holding in the 1978 *Olano* decision and held that "[b]ecause the government raised the automobile exception both orally [at hearing before the magistrate judge] and in its filed objections to the magistrate judge's report and recommendation, the district court had the opportunity to consider and decide the claim" and, thus, there was no waiver.[19]

The *Scott* case is somewhat analogous except that here, as the government understands it, the waiver claim goes even further; that is, the government has abandoned its right to any hearing at all, unless it incants the words "deny" or "disprove" with regard to each allegation beforehand.

At this point in the proceedings, the government does not know the full extent and character of the evidence the defense intends to present at hearing or how it will be presented. The Court found a "substantial showing" and presumably the defense will attempt to present

---

[18] *Id.* at

[19] *Id.* at 416 (*citing United States v. Sparks* at 415 for the proposition that "raising a theory to the magistrate judge during the evidentiary hearing on the motion to suppress preserves that theory for appeal") (internal quotations omitted).

evidence of the agent's intent or recklessness in an attempt to prove it up. At all events, however, *Scott* suggests that issues can be raised at hearing before a magistrate judge without waiver. But the government is unaware of any authority that requires it to specifically deny or disprove allegations in a motion or waive the hearing altogether as to those allegations.[20]

Thus, the government's position is the same now as it was when it filed its Response: it will contest Bradford's factual allegations at hearing – as is its right under *Franks* – when it sees and hears the evidence that Bradford claims he can advance. At the evidentiary hearing, the government further intends to urge that the defendant lacks standing to assert any Fourth Amendment right. In other words, the government intends to contest all fact issues raised by Bradford's Motion, as it stated in its Response, and as allowed under the law.

Wherefore, for all the forgoing reasons, the United States respectfully submits that there has been no waiver of any argument, right, or remedy on the part of the government.

DATED this 20th day of May, 2022.

    Respectfully submitted,

    JASON M. FRIERSON
    United States Attorney

    */s/ Steven W. Myhre*
    */s/ Patrick Burns*
    _____
    STEVEN W. MYHRE
    Assistant United States Attorney
    PATRICK BURNS
    Trial Attorney – Tax Division
    United States Department of Justice

---

[20] There can be no waiver of an issue in such circumstances, particularly in the *Franks* context because "[t]he time for the government to present its own evidence in support of the affidavit is at the *Franks* hearing, not beforehand." *United States v. Cloyd*, No. 18-CV-196-PP, 2020 WL 806645, at *27 (E.D. Wis. 2020) (citations omitted).

7