UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>vs.<br><br>LANCE K. BRADFORD<br><br>                Defendant. | Case No.: 2:19-cr-00222-GMN-BNW<br><br>**ORDER DENYING MOTION TO CREDIT TAXES PAID** |

Pending before the Court is the Motion to Credit Taxes Paid by the Stuarts to Defendant Bradford's Restitution Balance, (ECF No. 222), filed by Third Party Michael Stuart. For the foregoing reasons, the Court **DENIES** the Motion.

**I.**     **BACKGROUND**

On October 16, 2023, the Court entered a Guilty Plea Agreement as to Defendant Lance K. Bradford, (ECF No. 198), and entered Judgment, (ECF No. 212), on January 16, 2024, which imposed a total Restitution amount of $6,734,338. (*See* Judgment at p. 6, ECF No. 212). Defendant's Plea Agreement provided that Defendant "shall be entitled to a credit against this restitution obligation to the extent the taxpayers whose tax returns are charged in Counts 1-30 have already or in the future amend their tax returns and pay the taxes due and owing as a result of Counts 1-30 as charged in the superseding indictment." (Guilty Plea Agreement 3:18–21, ECF No. 198). On November 13, 2025, Third Party Michael Stuart, appearing in this case for the first time, filed a Motion to Credit Taxes Paid by the Stuarts to Defendant Bradford's Restitution Balance, (ECF No. 222), and the United States of America filed a Notice of Non-Opposition, (ECF No. 225).

In his Motion, Stuart documents a series of transactions in March 2016 in which Defendant paid Stuart a total of $234,555, which counsel for Stuart construe as "partnership

distributions." ("The March 2016 Transactions") (*See* Motion 2:17–26, 3:8–9, ECF No. 222). In October 2017, Stuart listed this amount on his 2016 tax return as "other income," and the "Stuarts' accountant determined that the tax associated with the $234,555 would be $92,884." ("The October 2017 Tax Payment") (*See* Motion, 3:2–9).

## II. LEGAL STANDARD

As a general rule, "individuals lack standing to intervene in criminal prosecutions." *United States v. Van Dyke*, 866 F.3d 1130, 1133 (9th Cir. 2017) (citing *Linda R.S. v. Richard D. and Texas*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). To establish standing, a party must have an "actual or imminent invasion of a legally protected, concrete, and particularized interest," "a causal connection between the injury and the conduct complained of," and the likelihood "that the injury will be redressable by a favorable decision," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

## III. DISCUSSION

### A. Standing

The Court finds that Stuart has failed to demonstrate a recognized interest in this criminal action. Stuart's Motion seeks to obtain a restitution credit for Defendant Bradford, and indeed asserts no interest in the instant criminal action. (*See generally* Motion). Permitting this intervention would violate the general rule against non-parties intervening in criminal proceedings, and Third Party Michael Stuart thus lacks standing to intervene.

### B. The March 2016 Transactions are Unrelated to the Guilty Plea Agreement

Further, the Court finds that, even if Stuart had standing, the taxes paid by Stuart in his 2016 tax return are unrelated to the Guilty Plea Agreement, and thus cannot be credited against Defendant's restitution obligation. Stuart argues that the $92,884 he paid in taxes in his 2016 tax return should be credited against Defendant's restitution obligation because that payment

served as compensation to the Internal Revenue Service. (*See* Motion 3:2–9).  But, the Guilty Plea Agreement offers a restitution credit only "to the extent taxpayers . . . *amend their tax returns* and pay the taxes due and owing *as a result of Counts 1-30*." (Guilty Plea Agreement, 3:18–20) (emphasis added).  Stuart's 2014 tax return was charged in Count 19 (*see* Superseding Indictment 3:14, ECF No. 33), with an associated tax loss of $204,965. (*See* Government's Response to Sentencing Memorandum 2:23, ECF No. 207).  The October 2017 Tax Payment was unrelated to payment of that 2014 tax loss, and indeed was nothing more than income taxes paid on funds received through the March 2016 Transactions, which Stuart himself construes as "partnership distributions." (*See* Motion 2:25–26).  Nothing in the record suggests that Stuart has amended his 2014 tax return or paid the taxes due and owing because of the Superseding Indictment.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Credit Taxes Paid by the Stuarts to Defendant Bradford's Restitution Balance, (ECF No. 222), is **DENIED**.

**DATED** this __24__ day of November, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court